### E. A. PAFFRATH v. THE STATE OF TEXAS.

No. 406.

**State School Land — Failure to Settle — Limitation to Suit for Forfeiture.**—Section 6 of the Act of 1883, relating to the sale of State school lands, which limits the amount and class of such lands any one person may purchase, and empowers the State to cancel purchases made in evasion of the act within one year from the date of sale, has no application to the time within which the State may sue to cancel a sale because the purchaser has failed to settle on the land, as further required by section 8 of said act.

APPEAL from Wilbarger.   Tried below before Hon. G. A. BROWN.

*McGhee & Easton*, for appellant.—The law requires this suit to have been brought within one year from the date of the sale of the land by the State. Session Acts 1883, p. 85, sec. 6; The State v. Cattle Co., 66 Texas, 363; The State v. Cattle Co., 73 Texas, 450.

*C. A. Culberson*, Attorney-General, and *Frank Andrews*, Assistant Attorney-General, for appellee.

HEAD, ASSOCIATE JUSTICE.—On the 22d day of November, 1886, one S. M. Hutchins filed his application and affidavit in compliance with the regulations adopted by the State Land Board on December 2, 1885, to purchase the land in controversy as agricultural land, under sections 6 and 8 of the Act of 1883. In said application it is stipulated, among other things, as follows:

"It is further understood, that any violation of any of the provisions of the law, or any violation of the rules and regulations of the State Land Board prescribing the manner of purchasing said lands, or a failure to

settle upon and improve the land within ninety days from date of award by the board, or any failure to make any of the payments required by law or said regulations, shall work a forfeiture of all money paid on, and all claims to said land, without judicial proceedings. It being understood and agreed that the object of the sale to me is for the purpose of securing a bona fide settler on the land." '

Upon this application the land was awarded by the board to Hutchins on December 20, 1886. On the 16th day of August, 1887, said Hutchins, joined by his wife, without ever having settled upon the land in compliance with his contract or the law, by deed conveyed all his interest in the land to appellant, Paffrath. Appellant has also failed to settle upon the land. This suit was instituted by the State on August 21, 1890, to recover the land in controversy, alleging the forfeiture by Hutchins and his vendee Paffrath, by reason of their failure to make settlement as required by the law and their contract. Upon the trial of the case in the court below judgment was rendered for appellee, from which this appeal is taken.

The only question of importance presented in the brief of appellant is the failure of the court below at his request to charge the jury that the State was barred of its right of action by failing to institute this suit within one year, as, it is claimed, is required by section 6 of the law under which this purchase was made. That section of the law is as follows:

"Lands when placed upon the market shall be sold in the county or land district in which it is situated, under such authority and under such system of competition as may be prescribed by said Land Board: *Provided*, that no person, either in person or by agent, shall purchase from the State more than one section of land classed as agricultural land or as watered land, or seven sections of unwatered land: *Provided*, the board may in their discretion require the purchaser of any particular section of watered pasture land to take with the same such a number of dry sections as they may designate, not to exceed seven sections; and every attempt to evade the limitation of this act as to the amount or class of land one may purchase, by any device whatever, shall be deemed fraudulent, and the fraud may be shown and the purchase cancelled by the State within one year from the date of sale: *Provided*, that the agricultural lands shall be sold only to actual settlers," etc.

Section 8 provides: " That no sale of agricultural land shall be perfected until the proposed purchaser files an affidavit that he intends that the land shall be actually settled within six months; and in case of failure to settle the same within that time the proposed purchaser shall forfeit the money already paid on the land."

We are of opinion that the limitation prescribed by section 6 does not apply to the case made by this record. The limitation prescribed by that

section was intended to fix a time within which fraud perpetrated at the time the contract was entered into could be investigated, and was not intended to have application to a failure on the part of the purchaser to comply with a contract made in good faith at the time it was entered into.    If appellant had induced the Land Board to award him agricultural land under a contract for pasture land, or had attempted to purchase more land than he was entitled to under the law, this limitation would apply; but we find no intention disclosed by this statute to relieve a purchaser from the forfeiture declared for a failure to comply with his contract to purchase, the contract itself being valid at the time it was made.

The only question submitted by the court in its charge was as to whether or not the purchaser Hutchins had settled on the land within six months after the 20th day of December, 1886; and the jury having found that he had not, we are of opinion that the limitation of one year prescribed by section 6 did not bar the State.

Let the judgment of the court below be in all things affirmed.

*Affirmed.*

Delivered January 17, 1893.